FILED
DEC 15 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PHILLIP WILEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HARPER COLLINS PUBLISHERS, INC., and TODD LEWAN,<br><br>　　　　Defendants. | Case No. A05-0118 CV (JKS)<br><br>O R D E R |

　　Philip Wiley sues Harper Collins Publishers, Inc. and Todd Lewan for tort arising out of Harper's publication of Lewan's book *The Last Run*, which describes the 1998 sinking of F/V LA CONTE. Lewan told the story from the perspective of two survivors, Bob Doyle and Mike DeCapua. In the course of developing Doyle and DeCapua's characters, Lewan reported what was offered in the book as a factually accurate conversation in which DeCapua disparaged a former fishing boat captain for whom both Doyle and DeCapua had worked. Wiley was that captain. Wiley sued Harper and Lewan on multiple theories. Harper and Lewan moved to dismiss, and their motions were denied. Docket No. 16 (Order). Harper and Lewan moved for reconsideration arguing that the Court did not address Wiley's claim for "unjust enrichment." Docket No. 19. The Court requested a response from Wiley, which has now been filed. Docket No. 26. Lewan and Harper have replied. Docket No. 34. Oral argument would not be helpful and therefore will not be scheduled. *See* D. Ak. LR 7.2.

　　Harper and Lewan are correct that the order at Docket No. 16 does not address the unjust enrichment claim. Defendants rely upon *Ruzicka v. Conde Nast Publ'ns, Inc.*, 733 F. Supp. 1289, 1301–02 (D. Minn. 1980), and *Young v. That Was the Week That Was*, 312 F. Supp. 1337, 1338

1

35

(N.D. Ohio 1969). Defendants also rely upon *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) (discussing the Lanham Act), and *Castro v. NYT Television*, 851 A.2d 88 (N.J. Super. Ct. App. Div. 2004). To the extent that these cases rely upon First Amendment restrictions on causes of action for unjust enrichment they are undermined by *Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991), which restates the proposition that generally applicable laws do not violate the First Amendment. Thus so long as the law of unjust enrichment is applied uniformly and does not single out the news media and by extension authors and publishers, the First Amendment is not involved even if the result is to hinder the news media and by extension authors and publishers. At least one district court is of the view that the Ninth Circuit has specifically addressed *Rogers* and declined to follow it. *See Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1077–79 (C.D. Cal. 1998) (citing *Dr. Seuss Enters. v. Penguin Books USA, Inc.*, 924 F. Supp. 1559 (S.D. Cal. 1996) *aff'd*, 109 F.3d 1394 (9th Cir. 1997)).

      Lewan has not found any case in which a claim of unjust enrichment has survived a motion to dismiss where the claim was predicated on use of the plaintiff's name in a factual report. The Court's independent research has been equally unavailing. If we ignore the First Amendment entirely and look only at the general law regarding unjust enrichment as described in *Brady v. State*, 965 P.2d 1, 13–15 (Alaska 1998), we find that a necessary component is that the person rendering the service reasonably expected to be compensated at the time he performed the service and the person receiving the service would ordinarily expect to pay for it. There is nothing in the record to suggest that Wiley would reasonably believe a reference to him in a book whether true or false would be compensated, and there is nothing in the record to suggest that authors like Wiley and publishers like Harper typically compensate individuals mentioned in their books whether the reference is favorable or unfavorable. Hence Wiley could not have reasonably expected to be compensated for the use of his name and the claim must fail. This case is similar in this regard to *Fasching v. Kallinger*, 510 A.2d 694 (N.J. Super. Ct. App. Div. 1986), where the court addressed a claim that in the absence of any prior agreement the author and publisher utilized false information about a murder victim to cash in on plaintiff's misfortunes. The court found that the plaintiffs had

ORDER

not conferred a benefit on the author and publisher where there was no direct relationship between them that would have supported the finding of a benefit.

**IT IS THEREFORE ORDERED:**

The motion for reconsideration at **Docket No. 19** is **GRANTED**. On reconsideration, the order at **Docket No. 16** is **MODIFIED**. Defendant's motion to dismiss at **Docket No. 9** is **GRANTED IN PART**. The claim of unjust enrichment is **DISMISSED**. In all other respects the Court reaffirms the order at Docket No. 16.

Dated at Anchorage, Alaska, this \_\_14\_\_ day of December 2005.

**JAMES K. SINGLETON, JR.**
United States District Judge

A05-0118--CV (JKS)   am 12-15-05
C. HOUCH
J. DAWSON (DAVIS)

ORDER