C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, #2
Homer, Alaska 99603
Telephone: (907) 235-8184
Fax: (907) 235-2420
Attorney for Plaintiff

RECEIVED

JAN 2 3 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF ALASKA

| | |
|---|---|
| PHILLIP WILEY,<br><br>                              Plaintiff,<br><br>vs.<br><br>HARPERCOLLINS PUBLISHERS, LLC and TODD LEWAN,<br><br>                              Defendants. | SECOND AMENDED COMPLAINT<br><br><br>Case No. A05-118CV (JKS) |

Plaintiff complains of Defendants, jointly and severally, and alleges as follows:

### Count I

### Parties, Public Involved, Publication

1.  This court has jurisdiction of the subject matter of this case and jurisdiction of the parties due to diversity of citizenship pursuant to 28 USCA 1332(a) and otherwise.

2.  Plaintiff is a resident of the State of Alaska and has been at all times relevant to this action.

3.  Plaintiff Phillip Wiley is a private citizen, not a public figure regarding the subject matter of this action, a publication entitled *The Last Run*.

4.  Plaintiff Phillip Wiley is, and since at least 1982 has been, an Alaska commercial fisherman and operator of commercial fishing vessels owned and/or operated by him within the State of Alaska.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

Page 1 of 30

5.  Defendant HarperCollins Publishers, LLC., or as corporate successor by merger with HarperCollins, Publisher, Inc., and otherwise as a result of indicating to the public in *The Last Run* that HarperCollins Publishers, Inc. is the publishers of *The Last Run*, hereafter referred to as HCP, whose principle office is in New York, and which is incorporated in Delaware and is outside the State of Alaska, is the publisher, marketer and distributor of a non-fiction book written by Defendant Todd Lewan, a resident of a State other than Alaska, believed to be Florida, entitled *The Last Run – A True Story Of Rescue And Redemption On The Alaska Seas*, referred to in this pleading as *The Last Run*, published, distributed, sold, advertised and promoted in December of 2004 in hardcover, and then in July of 2005, it was distributed by Defendants to the public in a paperback version after Defendants knew of Plaintiff's claims of defamation and invasion of privacy in this case, and thereafter advertised, marketed, sold and distributed by HCP to the public, including within the State of Alaska, as well as other states and in countries other than the United States.  Defendants also distributed *The Last Run* through other sources such as Thorndike Press and in other forms and media.

6.  Defendant Todd Lewan is the author of *The Last Run*.

7.  *The Last Run* is, according to Defendants, a non-fiction book about the events of the voyage and ultimate sinking of the Alaska fishing vessel La Conte on or about January 30, 1998, in Alaska, and the subsequent heroic rescue of its crew by the United States Coast Guard during severe weather and sea conditions.

8.  Plaintiff Phillip Wiley is, and at all times relevant was, the skipper and owner of the Alaska commercial fishing vessel Min E, as well as the owner and operator of other commercial fishing business endeavors.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

Page 2 of 30

9.  Plaintiff has never at any time had any connection to or involvement with the fishing vessel La Conte, its owners or skippers.

10. Plaintiff has never had any connection to or involvement with any of the events regarding the operation or the sinking of the La Conte, the rescue of its crew, or any other events regarding the La Conte or the events surrounding or involving its sinking on or about January 30, 1998.

11. The business associates, fellow skippers, potential crewmembers, fish buyers, suppliers, vessel repair people, as well as personal friends and acquaintances of Plaintiff Phillip Wiley, customers, potential customers, previous crew, potential crew, and those who know or will likely know Plaintiff, live and/or work primarily in the Sitka/Southeast Alaska area, as well as Cook Inlet in Alaska, but also in other areas of Alaska and the western United States.

### Rights Of Plaintiff To Freedom From Defamation and Publication

12. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of his character, both business as well as personal, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

13. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of his integrity, both business as well as personal, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

14. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of his reputation, both business as well as personal, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

**C. MICHAEL HOUGH**
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

15. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants regarding sexual orientation and practices, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

16. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of his actions, both business as well as personal, including relationship with his crew and other business relationships, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

17. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of the effects of his actions, both business as well as personal, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

18. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of the seaworthiness and insurability of his commercial fishing vessel and of himself as skipper, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

19. Plaintiff Phillip Wiley is entitled to freedom from defamation by Defendants of his commercial fishing abilities and practices, including freedom from criminality of such practices, and Plaintiff is also entitled to freedom from Defendants publishing to the public information regarding such subjects.

20. Defendant HCP, as editor, promoter, publisher, marketer, seller and distributor of *The Last Run* written by Defendant Todd Lewan is, together with author Defendant Todd Lewan, responsible for and liable to Plaintiff for the wrongful, defamatory, negligent, and/or reckless acts of Defendant Todd Lewan with regard to the actions of Defendant Todd Lewan involved in all claims made in this case by Plaintiff against Defendants, or either of them, regarding contents,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                    Page 4 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

distribution, promotion and sale of *The Last Run,* including all claims made by Plaintiff in this

action regarding defamation; invasion of Plaintiff's rights to privacy by portraying Plaintiff to the

public in a false light; for invasion of Plaintiff's rights of privacy by disclosure to the public of

true but private facts regarding Plaintiff; for invasion of Plaintiff's rights of privacy by the

unauthorized use of Plaintiff's name and/or likeness; for invasion upon the privacy of Plaintiff by

intrusion upon Plaintiff's rights of solitude, privacy and seclusion; for invasion of Plaintiff's

privacy for the unauthorized use and appropriation of Plaintiff's name and that of his vessel for the

benefit of Defendants; for unjust enrichment; and all other claims made by Plaintiff in this case, as

well as for the actions of its own employees, agents, and others acting at its direction or on its

behalf regarding such claims, as well as for the actions of the agents, employees, representatives,

distributors, promoters, advertisers, and book stores promoting *The Last Run* acting on behalf of or

at the direction of HarperCollins and/or Defendant Todd Lewan.

### Representations by Defendants Of Accuracy And Truthfulness

21. Defendant publisher HCP and the author, Defendant Todd Lewan, indicate to the

public in *The Last Run*, such as in the "Acknowledgements" of *The Last Run* and otherwise, that

four years of thorough research preceded writing *The Last Run*, and that *The Last Run* is a non-

fiction publication.

22. Defendant publisher, HCP and its author, Defendant Todd Lewan, indicate to the

public, such as in Acknowledgements and Author's Notes and otherwise, that *The Last Run* was

thoroughly researched prior to its writing, publication, marketing and distribution.

23. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the

public, such as in Author's Notes and otherwise, that (*The Last Run*) "is a work of non fiction –

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

unlike a novel, none of the characters, situations and places described in (the) book is imaginary … ."

      23(a)      The statement by Defendants quoted in Paragraph 23 above is a false and/or misleading statement.

    24. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the public, such as in Author's Notes and otherwise, that the contents of the non-fiction book, *The Last Run*, are completely accurate.

      24(a).      The statement by Defendants quoted in Paragraph 24 above is a false and/or misleading statement.

    25. Defendant publisher HCP and its author, Defendant Todd Lewan, indicate to the public, such as in Author's Notes, in advertisements, promotions, interviews, and other ways to sell *The Last Run*, that the statements, dialog and contents of *The Last Run* are absolutely true.

      25(a).      The statement by Defendants quoted in Paragraph 25 above is a false and/or misleading statement.

    26. Defendants represent to the public in The Last Run that all efforts were made by Defendants in writing, editing, researching, publishing, distribution and marketing *The Last Run* "to write an absolutely true book; nothing beyond what was verifiable and documented has been added."

      26(a).      Defendants represent to the public, such as in Author's Notes of The Last Run and otherwise, that the "(d)ialogue (in *The Last Run*) was reconstructed as carefully and completely as possible, using official reports, court (sic) papers, personal letters, diaries and audiotapes, and by cross-checking the recollections of people who took part in the conversations."

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT             Page 6 of 30
Wiley v. HarperCollins et al./Case No.: A05-118CV (JKS)

26(b).     The statements by Defendants quoted in Paragraph 26 and 26(a) above is are false and/or misleading statements.

27. *The Last Run* is, according to Defendant publisher HCP and Defendant author Todd Lewan, a non-fiction book about the sinking of the fishing vessel La Conte which sank in Alaska on or about January 30, 1998.

27(a)     *The Last* Run indicates correctly that the sinking of the La Conte was due to serious and life threatening violations of basic safety practices by its owner, skipper and others, as well as the result of negligence regarding the operation and condition of the vessel involved, La Conte, including gross negligence, and as a result of the actions and failures to act which were done, or refrained from being done, in reckless and utter disregard for the crew of the La Conte by the owner, skipper and others involved in the operation of the fishing vessel La Conte.

### Representations, Inferences, Defamatory Dialog And Other Content

28. Defendants refer to Plaintiff, through a main character in *The Last Run*, Mike DeCapua, a real person and name, who Defendants indicate was a crewmember of Plaintiff at the time Defendants indicate to the public that the quoted statement by DeCapua occurred, questions a real person named Bob Doyle in reference to Plaintiff – "What do you do, anyway?" "Give him something special in his rack?" "He's a good guy." "He's a cocksucker."

28(a).   As used in *The Last* Run, the use of the term "cocksucker" has one of two primary meanings when the dialog indicates DeCapua is referring to Plaintiff when calling Plaintiff a cocksucker, stating, suggesting or inferring that Plaintiff is held in extreme contempt by the speaker (DeCapua) and stating in a contemptuous manner and as an epithet that Plaintiff is either a person who performs fellatio, an activity associated with homosexuality, and/or that

C. MICHAEL HOUGH
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                                      Page 7 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

Plaintiff is held in extreme contempt by DeCapua and that Plaintiff is a mean and contemptible person.

28(b).  Plaintiff is not and never has been a person who performs on others or has performed on him sexual activities associated with the homosexual activity of fellatio.

28(c).  Plaintiff is not and never has been a person who is a mean and contemptible person, in business or personally, nor has DeCapua ever held Plaintiff in contempt, extreme or otherwise, and DeCapua denies ever saying anything resembling such dialog.

28(d). Defendants use of dialog to reference Plaintiff as a "cocksucker such as on page 47 of *The Last Run*, and as a lazy "prick" such as on page 149 of *The Last* Run, or "bastard" and "fucking bastard" as Defendants do at page 48 of *The Last Run*, holds Plaintiff up to ridicule, scorn, teasing, and harassment on a personal and business level, and, if cocksucker is used in the sexual context, accuses Plaintiff of a crime in relation to his employee/crewman Doyle, as well as severely harms Plaintiff in matters regarding his commercial fishing related business activities, particularly since Mike DeCapua and Bob Doyle are real people with real names, well known in Sitka and other areas, as is Plaintiff, on both a personal level as well as with regard to the business of commercial fishing.

29. *The Last Run* contains numerous other false and defamatory statements regarding the truthfulness, character, reputation, integrity, ability as a skipper, his relationship with crew, the soundness of his vessel, and with regard to his actions and the effects of his actions and criminality, and honesty of Plaintiff Phillip Wiley in business and personal matters.

29(a).  Defendants inform the public that Plaintiff is an unfair and unreasonable skipper in relation to his commercial fishing crew, such as on page 46 of *The Last Run*, that "(t)he

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                            Page 8 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

skipper (Plaintiff) was not letting crewmen go for the holidays.  So the deckhand split.  Bob Doyle looked at DeCapua good and hard.  'You're shitting me.'  'I ain't'".

       29(b).  The dialog Defendants published to the public as stated in Paragraph 29(a) never occurred according to DeCapua and Doyle, and it is a false or misleading representation regarding Plaintiff as an unfair and unreasonable skipper, and is otherwise false and defamatory.

       29(c).  Defendants inform the public, such as on page 46 of *The Last Run* that "Wiley, he explained, had shortchanged him out of three hundred dollars after a trip the previous year".

       29(d).  Defendants continue the dialog regarding the previous year to inform the public regarding Plaintiff in *The Last Run*, such as on page 47 of *The Last Run*, as follows: (DeCapua) told (Plaintiff's) insurance agent that his client was a high risk…. "The agent asked him why.  'Well, your guy is not paying the crew.  Which makes the crew mad.  And they're going to retaliate by hurting the vessel when Mr. Wiley is not around.  And you are the ones who are insuring him'…..  'And what's more, that vessel ain't safe.  Her mast is unsteady, her deck is loose from the rails, and she needs extensive hull work.  And he ain't doing it.'"

       29(e).  Defendants continue to refer to the dialog regarding the previous year to inform the public, as Defendant's own statement and representation to the public as fact, that regarding Plaintiff in *The Last Run*, such as on page 47 of *The Last Run*: "Three days later, a marine architect showed up to inspect the Min E.  He took some notes, made out a report and sent a letter to Phil Wiley not long after.  It said that unless repairs were affected, the boat would no longer be insured."

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT              Page 9 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

29(f).   The statements by Defendants to the public set forth through dialog, as well as the direct statements and representations of fact by Defendants regarding Plaintiff,  such as in Paragraph 29(e) are false and defamatory.

29(g).  Defendants inform the public regarding Plaintiff in *The Last Run*, such as on page 46 of *The Last Run*, as follows: "For two days they (DeCapua, Doyle and Wiley) untangled snarls in longline gear…. Before daybreak on the first day of January 1998, the day of a rockfish opening, the Min E sailed out of Sitka Sound.  It sailed right back one night later.  The rockfishing was horrible; after thirty-two hours of haulbacks, they'd barely pulled three hundred pounds.  Bob Doyle was not nearly as upset as the others.  He had made it through his first commercial fishing trip without a major screwup.  And he felt he had hit if off with the skipper, Phil Wiley.  After they had tied up, Wiley walked up to him and invited him to stay on another month, and to sleep on the boat, too, if he liked.  'Phil's got a crush on you,' DeCapua said.  He and Bob Doyle were walking back from the ANB to the Basement.  'What you do, anyway?  Give him something special in his rack?'  'He's a good guy.'  'He's a cocksucker.'"

29(h).  Defendants inform the public regarding Plaintiff in *The Last Run*, such as on page 46 of *The Last Run*, as follows: "The Min E sailed again on January 15.  Bob Doyle and Mike DeCapua were on it.  They worked the lower half of the Chatham Strait and returned to Sitka with one thousand pounds of black cod."

29(i).   Commercial fishing for black cod as Defendants represented, stated or inferred as alleged in paragraph 29(h) above, is a serious crime and would be a particularly egregious crime because doing so on January 15th of 1998, or any year after at least 1994, is so well-known as approximately two months after and two months before any possible legal fishing opening anywhere in Alaska or in Federal waters of Alaska for black cod since at least 1994.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                    Page 10 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

29(j).   The criminality of the commercial fishing by Plaintiff and his crew as represented by Defendants as true, and described in paragraphs 29(h) and 29(i) above, is a fact commonly and easily known to a large segment of the public, particularly those members of the public who live in Southeast Alaska, or who commercially fish in Alaska, or fish halibut or black cod in Federal waters off Alaska, Washington, Oregon, or off the West coast of Canada, as well as consumers of black cod, particularly those in Japan and other markets for black cod.

29(k).   Defendants inform the public regarding Plaintiff in *The Last Run*, such as on page 46 of *The Last Run*, as follows:  "The repairs, DeCapua said, set Phil Wiley back a bundle.  *Still, he did not fire DeCapua.  'But he sure made me pay,' DeCapua muttered.  'How do you mean?'  'Well, when Phil takes me out, we work just enough to get a small catch, to cover some expenses he's got, and then we come right back in.  There's never enough left over for me to get a good paycheck.'  'Oh.'  'He can be a bastard, all right.'"

29(l).   Defendants inform the public regarding Plaintiff in *The Last Run*, such as on page 46 of *The Last Run*, as follows:  "'That bastard,' DeCapua muttered.  He and Bob Doyle were walking up the dock.  'That fucking bastard did it to me again.'  'Listen, Mike,' Bob Doyle said.  'I don't know if he's doing it on purpose.  I mean, I don't see the sense in it.'  'In what?'  'In shooting himself in the foot,' Bob Doyle said.  'I mean, why would he do that?'  Mike DeCapua laughed.  'People do it all the time,' he said."

30. *The Last Run* contains numerous other false and libelous statements regarding the reputation for the seaworthiness, insurability and safety of Plaintiffs fishing vessel Min E and Plaintiff's commercial fishing practices.

31. *The Last Run* contains numerous other false and libelous statements regarding his reputation for operating a safe vessel and Plaintiff's commercial fishing activities.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                    Page 11 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

32. Defendants, by writing, publishing, marketing and distributing *The Last Run*, and in other ways, state unequivocally, negligently and/or recklessly false, such as on page 47 and 48 of *The Last Run*, that Plaintiff Phillip Wiley was sent a surveyor's report indicating that if a list of seriously dangerous and unseaworthy conditions of his commercial fishing vessel alleged to have been stated by Mike DeCapua to Plaintiff Phillip Wiley's insurance agent were not repaired and corrected, Plaintiff's fishing vessel would no longer be insured, such statement being false, defamatory and made negligently and/or recklessly.

33. The footnote on page 48 of *The Last Run* does not absolve or reduce the negligence and/or recklessness of Defendants in making the false statements referred to in paragraphs 28 to 32 above, and 36 to 55 set forth below or as it is referenced otherwise below in this complaint.

34. The conversation referred to in paragraph 34 above was an early morning call by Defendant Todd Lewan to Plaintiff Wiley, and the discussion was not regarding dialog or whether the allegations contained in the book were true, but rather a much more general conversation, such as asking whether Plaintiff remembered the crewmember, a person who was actually a crewmember for Plaintiff long before anything having to do with the La Conte occurred and several years before 1998, and likely in 1989 to 1992 or so, not 1997 or 1998 as Defendants indicate.

34(a).  Plaintiff's insurance agent does not recall the call referred to in paragraph 34 occurring and Defendants footnote is false and/or misleading in that the dispute with DeCapua occurred in 1990 or so; DeCapua did not even work as a crewman for Plaintiff between 1992 or 1993 until the January 1998 trips; the retro dispute concerned damage to longline gear in about 1990 and was not about whether Plaintiff paid retro to crew as part of their compensation; and the statements by Defendants regarding the seaworthiness of Plaintiff's vessel refer to the time of the

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                    Page 12 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

telephone call in 2003, not to the time Defendants inform the public that Plaintiff had an unsafe vessel, "after a trip the previous (in relation to 1998 when the statement is supposed to have been made by DeCapua) year."

35.  There is no connection between Plaintiff and whatever it is that occurred or did not occur regarding the sinking of the La Conte.

36.  Defendants negligently represented or inferred to the public in *The Last Run*, through dialog of characters, and otherwise, falsely and defamatorily, that Plaintiff may be homosexual or at least performed sex acts normally attributed to those males who are homosexual in reference to Plaintiff's commercial fishing crewmembers and/or that Plaintiff was the other common definition of a "cocksucker" when Defendants use the term to refer to or describe Plaintiff; a mean and contemptible person personally, as well as Plaintiff as a skipper in his treatment of those who work with or for him and in general.

37.  Defendants negligently represented or inferred to the public in *The Last Run*, through dialog of characters, and otherwise, falsely and defamatorily, that Plaintiff is or was an unsafe skipper.

38.  Defendants negligently represented or inferred to the public in *The Last Run*, through dialog of characters, and otherwise, that Plaintiff's fishing vessel is or was maintained by Plaintiff in an unrepaired, uninsurable, unsafe and/or unseaworthy condition.

39.  Defendants negligently constructed false and defamatory dialog calling Plaintiff a cocksucker, indicating or inferring that Plaintiff is either homosexual or performs homosexual acts or is a despicable, contemptible person, when such indications are offensive to Plaintiff and those with whom Plaintiff has business and personal contact.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                      Page 13 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

40. Defendants negligently constructed false and defamatory dialog indicating or inferring that Plaintiff is not honest in business and his personal life.

41. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff's integrity, both business as well as personal.

42. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff's reputation, both business as well as personal.

43. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff regarding sexual orientation and practices.

44. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff's actions, both business as well as personal.

45. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff regarding the effects of his actions, both business as well as personal.

46. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff regarding the soundness, seaworthiness, and insurability of Plaintiff's commercial fishing vessel.

47. Defendants negligently constructed false and defamatory dialog that defamed Plaintiff regarding his commercial fishing abilities and practices.

48. Defendants negligently constructed false and defamatory dialog indicating or inferring that Plaintiff operates or has operated an unsafe, uninsurable fishing vessel, statements made in a book about a notoriously unsafe vessel which sunk and resulted in the death of its crew.

### Recklessness Of Defendant's Acts

49. Defendants, in reckless disregard for the rights of Plaintiff, constructed false and defamatory dialog indicating or inferring to the public that Plaintiff is homosexual or performs homosexual acts, or is a despicable, contemptible person in Plaintiff's business and personal life.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                    Page 14 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

50. Defendants, in reckless disregard for the rights of Plaintiff, constructed false and defamatory dialog indicating or inferring to the public that Plaintiff is not honest in business.

51. Defendants recklessly represented or inferred to the public in The Last Run, through false and defamatory dialog of characters, and otherwise, that Plaintiff is or was an unsafe skipper.

52. Defendants recklessly constructed false and defamatory dialog indicating or inferring that Plaintiff is not honest in business and his personal life.

53. Defendants, in reckless disregard for the rights of Plaintiff, constructed false and defamatory dialog indicating or inferring to the public that Plaintiff operates an unsafe, unseaworthy and uninsurable fishing vessel, statements made in a book about a notoriously unsafe vessel which sunk and resulted in the death of its crew.

54. Plaintiff was entitled to freedom from the defamation of his character, his sexuality, as well as regarding the business and safety reputation of himself and his fishing vessel, and free from all other false and defamatory statements or inferences and suggestions made by Defendants regarding Plaintiff.

55. The rights of Plaintiff as stated in paragraphs 1 to 54 above which are incorporated in this claim based on recklessness, and otherwise in this complaint, were violated by Defendants.

### Effects Of Defamation

56. Friends and associates of Plaintiff, including fellow fishermen, neighbors, business contacts, fish processors, crew, fish buyers and others who thought they knew Plaintiff well, have read or heard, or will in the future read or hear of The Last Run, the false statements and the defamation of Plaintiff contained therein.

57. The personal friends, customers, fellow commercial fishermen, potential crew, suppliers, fish buyers, processors, and business associates, of Plaintiff, as well as residents of

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                          Page 15 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

Southeast Alaska, and Cook Inlet Alaska, and the public in general now question or will in the future question the sexuality, and sexual orientation, honesty, business reputation, personal reputation, character, integrity, actions, effects of actions, and safety reputation of Plaintiff Phillip Wiley and the soundness, seaworthiness and insurability of his fishing vessel because of the false and defamatory contents of *The Last Run*.

58. Those individuals, businesses and other entities referred to in paragraphs 56 and 57, as well as the public in general, now, and in the future will question whether Plaintiff Phillip Wiley, as the skipper of the F/V Min E and as a person who has lived and worked in Sitka and Cook Inlet almost all of his adult life, had a sexual "crush" on or even a homosexual relationship with one of his crewmembers named Bob Doyle, one of the main characters in *The Last Run*, or else that Plaintiff is a despicable and contemptible person in relation to his crew and otherwise.

59. In Alaska, particularly in commercial fishing where men are alone with other men on fishing boats in isolated areas of Alaska for days or weeks at a time, referring to a male skipper as a practicing homosexual or person who may perform sexual acts typically associated with homosexuality, is a very serious, even deadly serious, allegation; and if Defendants referred to Plaintiff as a cocksucker as the second common meaning, that Plaintiff is a despicable and contemptible person, then Plaintiff's business and personal reputation was even more seriously damaged by such false and defamatory statement and meaning when Defendants refer to Plaintiff in *The Last Run* as a "cocksucker," a "prick", a "bastard," and a "fucking bastard."

60. Defendants were or should have been aware of the seriousness and harm to Plaintiff of the allegations referred to in paragraphs 28 to 55 above when presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented,

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.

61. Defendants were or should have been aware of the seriousness of Defendants' presentation of dialog and facts as true regarding the business reputation of Plaintiff and his safe operation of fishing vessel, as well as the safety, seaworthiness and insurability of his commercial fishing vessel and his commercial fishing activities.

62. The false and defamatory statements by Defendants described above have harmed and will continue in the future to harm the business and personal reputation of Phil Wiley and they have deterred and will in the future deter third persons from associating or dealing with Plaintiff, a private individual.

63. Unlike a false and defamatory statement regarding a private individual made in a newspaper or a weekly tabloid, *The Last Run* will remain in the public stream for decades and certainly the rest of Plaintiff's life.

64. *The Last Run* contains serious violations of the important public policy in Alaska that individuals such as Plaintiff are entitled to their privacy and should be free to enjoy their reputations unimpaired by false and defamatory statements or suggestion of impropriety, and invasion of his privacy as done by Defendants as alleged in this complaint.

65. Plaintiff believes he is now, and will in the future be, a shunned, discredited and mentally troubled man due to the wrongful, negligent and/or reckless acts of Defendants, and such actions by Defendants have caused Plaintiff other emotional harm, pain, suffering, worry, grief, concerns and fears.

66. The false and defamatory statements that Plaintiff operates an unseaworthy, unsafe or uninsurable vessel, or that he himself is unsafe and dishonest as a skipper have, or Plaintiff

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

believes they have, already created significant harm to Plaintiff's personal and business reputation and have caused him considerable difficulties obtaining crewmembers, which will continue to harm him in the future, particularly since Plaintiff cannot commercially fish successfully without competent and experienced crew.

66(a) The actions of Defendants as set forth in paragraphs 28 to 66, as well as through other references to Plaintiff in *The Last Run* portray Plaintiff to the public in the following ways in the following areas of defamation of Plaintiff by Defendants:

(1) Character.  Plaintiff is portrayed falsely by Defendants to the public as hard-hearted, inconsiderate, mean, exploitive, opportunistic, lazy, devious, sly, tyrannical, unresponsive to the plights of others such as his crew, reckless about the safety of his crew, and is an otherwise contemptible, detestable and self-serving man and skipper;

(2) Integrity.  Plaintiff is portrayed falsely by Defendants to the public as dishonest, corrupt and deceitful; that he kept back money he owed crew and short-changed his crew;

(3) Ability as a Commercial Fisherman.  Plaintiff is portrayed by Defendants to the public as not an able, successful or respected skipper; that his catches are meager; that he is incompetent and ineffective; that he fishes dangerously.

(4) Relationship with Crew.  That Plaintiff is uncaring and cruel; plays favorites, not fair, reckless about safety, does not aspire loyalty, and makes his crew do unneeded "busy-work."

(5) Actions.  He fishes illegally, cheats people, makes crew grovel to worke for him, and that he is vindictive to crew worried about safety or pay.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                Page 18 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

(6) Effects of Actions. That Plaintiff's management decisions and incompetence causes his crew to be cranky and in an evil mood, causing frustration, spite, and malice within crew, that he is lazy.

(7) Sexual Practices. That Plaintiff may have had a sexual interest in or attraction to a crewmember and may be homosexual.

(8) Reputation. That Plaintiff and his vessel were relatively unknown in Sitka and in the commercial fishing community; that his insurance carrier recognized Plaintiff as a high risk; that he had a reputation for rehiring crew if they groveled.

(9) Soundness of his Vessel. That the Min E was unsafe, needed extensive work; that an insurance company had to force him to repair his vessel or not be insured and a whistle-blowing crew member had to force the much needed, life-threatening serious repairs to his unseaworthy vessel.

(10) Criminality. That Plaintiff fished for black cod two months after and at least 2 months prior to any legal opening to do so, an action subjecting Plaintiff to forfeiture of his vessel, his State limited entry permit worth $300,000.00, his federal rights to fish black cod and halibut worth hundreds of thousands of dollars, fines of hundred of thousands of dollars, felony charges, prohibition form commercial fishing in Alaska or federal waters.

## Defamation

67. The published statements by Defendants regarding Plaintiff as referenced in this Count I were false and defamatory statements.

68. The published statements by Defendants regarding Plaintiff as referenced in this Count I were non-privileged publications to third parties, and in this case to the public in general, and such publication to the public will continue in the future.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

69. The published statements by Defendants regarding Plaintiff as referenced in this Count I were published negligently, as well as in reckless disregard for the truth, and in reckless disregard for the rights of Plaintiff to privacy and freedom from false statements, defamation and disparagement.

69(a).  Defendants knew or should have known prior to the distribution of the paperback version of *The Last Run* in July of 2005 that Plaintiff objected to Defendants invading his privacy; to defaming him; to making false statements about him; to intruding upon his seclusion; to the unauthorized use of Plaintiff's name and that of his commercial fishing vessel Min E; for making public private facts about Plaintiff whether true or not; to Defendants appropriating and using his name; to Defendants for benefiting unjustly as a result of Defendants wrongful actions, yet Defendants still distributed the paperback version of *The Last Run* in July of 2005 and thereafter knowing it seriously harmed Plaintiff, particularly with regard to his business and personal reputation, caused Plaintiff significant mental distress and harm in his business interests.

69(b).  Defendants decided to distribute the paperback version of *The Last Run* by a business decision-making process, sometimes referred to as a cost/benefits ratio analysis, weighing the amount Defendants must pay Plaintiff for such outrageous, intentional, but financially lucrative actions by Defendants, compared to the significant lost profits it would receive from release of the paperback version of *The Last Run* and to the costs to Defendants to correct Defendants false, defamatory, wrongful, intrusive, highly offensive statements regarding Plaintiff in *The Last Run*, a cost versus benefit analysis favoring significant payment to Plaintiff for Defendants wrongful actions against Plaintiff since such payment for harm to Plaintiff is less than the avoidance of costs to Defendants to correct its wrongful actions toward Plaintiff.

**C. MICHAEL HOUGH**
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

70. Plaintiff suffered special harm from the wrongful, negligent, reckless, libelous and defamatory actions of Defendants as stated in this complaint.

71. The statements of Defendants as referenced in this Count I were and are not true.

### Damages

72. Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the negligent and false publication to the public of the defamatory, libelous, untrue, non-privileged statements made and published to the public referred to in this complaint.

73. Plaintiff has been harmed and suffered, actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of Plaintiff in their defamatory, libelous, untrue, non-privileged statements made and published to the public, and Plaintiff therefore is entitled to punitive damages in an amount exceeding nine times actual any compensatory damages, or $1,000,000.00, the amount to be shown at the time of trial.

74. The libel and defamation of Plaintiff by Defendants as set forth herein are in themselves, defamation per se, an injury entitling Plaintiff to recover damages in excess of $1,000,000.00 since Plaintiff is a private citizen, the libelous and defamatory statements were and are not true, and Defendants were not privileged to publish such statements.

### Count II

### Invasion of Privacy – False Light

75. Plaintiff incorporates all of Count I above herein as though fully set forth.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

75(a).    Defendants in *The Last Run* gave publicity to matters concerning Plaintiff that place him before the public in a false light.

76. The actions of Defendants as alleged in paragraphs 1 through 75(a) above violated and invaded Plaintiff's rights of privacy and portrayed Plaintiff to the public in a false light, even if false but not defamatory, by negatively depicting Plaintiff's business character; his personal and business integrity, honesty, actions, effects of his actions; his sexual orientation and practices; his business and personal reputation; as well as the seaworthiness, insurability, safety and soundness of his commercial fishing vessel and of his commercial fishing practices; and otherwise subjected Plaintiff to ridicule, embarrassment, humiliation, worry, fright, mental anguish and scorn, particularly when such depictions and inferences were false.

76(a).    In breach of duties owed Plaintiff, the publicity given by Defendants in *The Last Run* regarding matters concerning Plaintiff placed Plaintiff before the public in a false light was and is highly offensive to a reasonable person, including Plaintiff, his family, friends, acquaintances and other reasonable people, proximately causing Plaintiff emotional, psychological and mental distress, worry, fright, embarrassment, as well as special damages, damages per se, loss of business opportunities and all other losses, injuries and damages alleged in Count I and this Count II.

76(b).    Defendants had knowledge of and/or acted in reckless disregard as to the truth or falsity of the publicized false statements, inferences, suggestions and inferences stated in Count I above and to the false light in which Plaintiff would be placed before the public.

76(c).    As a direct and proximate result of the wrongful actions of Defendants, as alleged in this Count II, Plaintiff has been harmed by and is entitled to receive payment from Defendants in the amount stated in paragraphs 72 to 74 above by Defendants portrayal of Plaintiff

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

to the public in a false light, including Plaintiff's mental distresses suffered by Plaintiff which are of kinds that normally result from such invasions, and all special damages of which such invasion is a legal cause.

76(d).    Plaintiff believes he is now, and will in the future be, a shunned, discredited and mentally troubled man due to the wrongful, negligent and/or reckless acts of Defendants as alleged in this Count II, and such actions by Defendants have caused Plaintiff emotional harm, pain, suffering, worry, grief, losses, damages, expenses, concerns and fears.

76(e).    Plaintiff has been harmed and suffered actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result of the willful misconduct and reckless disregard by Defendants for the rights of Plaintiff by Defendants as alleged in this Count V, and Plaintiff therefore is entitled to punitive damages in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial.

## Count III

### Disclosure to the Public of Private Facts

77. Plaintiff incorporates all of Count I and Count II inclusive herein as though fully set forth.

77(a).    As an alternative allegation regarding the accuracy and truthfulness of the statements, inferences and representations made by Defendants in *The Last Run* regarding Plaintiff, as stated in paragraphs 28 through 59 above, some of such statements, if determined by a jury or otherwise to be true, inferences or representations are or were true though private facts regarding Plaintiff of a personal, private, but true, humiliating, embarrassing and degrading nature regarding Plaintiff as stated by Defendants in *The Last Run*.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                     Page 23 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

77(b).    The true statements by Defendants described above are private facts and Defendants disclosures of such private but true facts have harmed and will continue in the future to harm the business and personal reputation of Plaintiff and they have deterred and will in the future deter third persons from associating or dealing with Plaintiff, a private individual, as well as cause Plaintiff emotional and mental anguish, harm, embarrassment, worry and other losses, injuries and damages.

77(c).    The actions of Defendants as alleged in this Count III violated and invaded Plaintiff's rights of privacy by disclosing private though true facts regarding Plaintiff to the public concerning Plaintiff's business character; his personal and business integrity, honesty, actions, occupational practices, lawfulness, effects of his actions; his sexual conduct and practices; and otherwise subject Plaintiff to ridicule, embarrassment, humiliation, worry, fright, mental anguish and scorn, when such depictions and inferences are true but private, injuring him personally and in his business enterprises and have caused Plaintiff to suffer severe emotional and mental distress and worry.

77(d).    In violation of duties owed Plaintiff, Defendants unreasonably and seriously interfered with Plaintiff's interests in not having true but highly offensive, humiliating, and embarrassing private facts known to others, including the public, by publishing such private facts regarding Plaintiff in *The Last Run.*

77(e).    The intrusions and disclosures to the public of such true but private facts were highly offensive to Plaintiff, his family, friends and other reasonable persons and they were done in an unreasonable manner and/or for an unwarranted purpose.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                          Page 24 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

77(f).    The intrusions, publications and disclosures to the public of the true but private facts referenced in this Count III were done in an unreasonable manner and/or for unwarranted and wrongful purposes.

77(g).    The intrusions, publications, and disclosures referenced in this Count III were not legitimate concerns to the public and not privileged.

77(h).    Defendants have wrongfully, and in breach of duties owed Plaintiff, intruded into the private life and activities of Plaintiff by wrongfully disclosing to the public and giving publicity to the life of Plaintiff regarding private true facts concerning the private life of Plaintiff in a manner that would be highly offensive to a reasonable person and outrage and offend a person of ordinary sensibilities and have caused Plaintiff shame, humiliation and embarrassment.

77(i).    Defendants were or should have been aware of the seriousness and harm to Plaintiff of the statements, inferences and representations regarding Plaintiff set forth above when presented to the public as "absolutely" true, "completely" accurate, verifiable, and thoroughly researched and documented, and representing to the public that nothing is in *The Last Run* is imaginary, reconstructed or made up by Defendants.

77(j).    Defendants were or should have been aware of the seriousness of Defendants' presentation, publication, promotion, advertisements, interviews, trade releases and announcements, and distribution to the public of dialog, representations, statements, inferences, suggestions of facts as true regarding private life of Plaintiff concerning Plaintiff's honesty, lawfulness, employability, personal reputation, business and personal reputation and other private matters regarding Plaintiff, and the likeliness and foresee ability of harm caused Plaintiff by such actions.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-118CV (JKS)

77(k).    The disclosures to the public of the true but private facts by Defendants as described in this Count III have harmed and will continue in the future to harm the business and personal reputation of Plaintiff and they have deterred and will in the future deter third persons from associating, being hired by, or dealing with Plaintiff, and will cause Plaintiff humiliation, embarrassment, emotional and psychological injuries, together with worry, fright, depression and feelings of vulnerability and loss of control of Plaintiff's life.

77(l).    Unlike the improper and unauthorized publication and disclosure to the public of true but private facts which are not a legitimate concern to the public and which would be highly offensive to a reasonable person made in a newspaper or a weekly tabloid regarding Plaintiff, the publication and the disclosure of such facts by Defendants in *The Last Run* will remain in the public stream for decades and certainly the rest of Plaintiff's life.

77(m).    *The Last Run* contains serious violations of the important public policy that individuals such as Plaintiff are entitled to their privacy and should be free to enjoy their privacy unimpaired by the unauthorized and unprivileged publication and disclosure to the public of true but private, embarrassing and highly offensive information which is not a legitimate concern to the public, as done by Defendants as alleged in this complaint.

77(n).    Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the invasion of Plaintiff's rights of privacy.

77(o).    Plaintiff has been harmed and suffered, actual and special damages, and damages per se, in an amount to be shown at the time of trial, all as a direct and proximate result

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

of the willful misconduct and reckless disregard by Defendants for the right of privacy of Plaintiff

by Defendants publication of non-privileged statements made and published to the public, and

Plaintiff therefore is entitled to punitive damages in an amount exceeding $1,000,000.00, the

amount to be shown at the time of trial.

      77(p).     The actions of Defendants as alleged in this complaint regarding invasion of

Plaintiff's privacy were reckless and in wanton disregard of the rights of Plaintiff and Plaintiff is

therefore entitled to punitive damages against Defendants in an amount equal to a multiple of nine

times actual damages or at least $1,000,000.00.

### Count IV

### Invasion of Privacy by Intrusion Upon the Seclusion of Plaintiff

      78.  The intentional invasion and intrusion of Plaintiff's rights of privacy and use of

Plaintiff's name and commercial fishing vessel subjects Plaintiff to embarrassment, humiliation

and scorn, injuring him personally and in his commercial fishing business enterprises and have

caused Plaintiff to suffer severe emotional and mental distress and worry.

      78(a).     Plaintiff incorporates all of Count I, Count II and Count III herein as though

fully set forth.

      78(b).     The wrongful actions of Defendants have intruded upon the physical and

mental solitude and seclusion of Plaintiff, and were in violation of duties owed Plaintiff by

Defendants.

      78(c)     Defendants have wrongfully and intentionally intruded into the private life,

concerns and activities of Plaintiff in a manner that would be highly offensive to and would

outrage a person of ordinary sensibilities and have caused Plaintiff shame, humiliation and

embarrassment.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                  Page 27 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

78(d).    Plaintiff has been damaged and/or will be damaged in the future, by the wrongful and unauthorized actions of Defendants, as alleged in this Count IV, including lost business and income, lost income opportunities, and the medical and medically related costs associated with the emotional and mental damages Plaintiff has suffered, as well as worry, fright, embarrassment, depression, and other emotional and mental damages.

78(e).    Plaintiff has been harmed and has suffered actual and special damages, and damages per se, and will continue to suffer such damages in the future, as a direct and proximate result of the wrongful acts of Defendants, in an amount exceeding $1,000,000.00, the amount to be shown at the time of trial, all as a direct and proximate result of the invasion of Plaintiff's rights of privacy as alleged in this Count IV.

78(f).    The wrongful actions of Defendants as alleged in this Count IV were willful and in reckless disregard for the rights of Plaintiff, thereby warranting an award of punitive damages equal to nine times actual and compensatory damages or $1,000,000.00.

### Count V

### Invasion of Privacy by Appropriation of Plaintiff's Name

79. Plaintiff incorporates all of Count I, Count II, Count III and Count IV above as though fully set forth.

80. Defendants invaded Plaintiff's privacy and defamed him in an effort to wrongfully obtain financial advantage and enhance their profits, income and opportunities from the sales of The Last Run, by appropriating Plaintiff's name and that of the Min E for Defendants' own use and benefit.

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

81. Defendants used their wrongful depictions of Plaintiff and invaded his privacy as a literary contrivance and touchstone for Defendants' story about the sinking of the La Conte, all in an effort to wrongfully obtain financial benefit.

82. Defendants invaded Plaintiff's privacy by the unauthorized use of Plaintiff's name and that of his commercial fishing vessel for Defendants' financial benefit, advantage, or enhancement of business and professional opportunities.

83. The wrongful actions of Defendants have intruded on Plaintiff's physical and mental solitude or seclusion; public disclosure of private information concerning Plaintiff, and publicly placing Plaintiff in a false and negative light before the public, including Plaintiff's commercial fishing business related activities and contracts.

84. Plaintiff has been damaged by the wrongful and unauthorized actions of Defendants as alleged in this Count V, including lost income, lost income opportunities, and the medical and medically related costs associated with the emotional and mental damages Plaintiff has suffered.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for losses, injuries, damages, emotional harm, grief and worry both personally as well as in business and business related matters, as a result of the defamatory actions of Defendants as alleged in Count I above; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy by portraying Plaintiff in a false light as alleged in Count II above; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy as alleged in Count III above by publishing true but private unprivileged facts and information regarding Plaintiff; for judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy as alleged in Count

C. MICHAEL HOUGH
Attorney at Law
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                                    Page 29 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)

IV above for intrusion upon the seclusion of Plaintiff; for judgment against Defendants, jointly

and severally, in an amount in excess of $1,000,000.00 for invasion of Plaintiff's rights of privacy

as alleged in Count V above by appropriating Plaintiff's name and likeness as alleged in Count V;

for judgment requiring Defendants to pay Plaintiff punitive damages in an amount equal to nine

times the actual and compensatory damages awarded Plaintiff or at least $1,000,000.00; for an

order requiring Defendants to pay Plaintiff's costs and attorneys fees; and for such other and

further relief as the court deems just.

Dated this ___19___ day of January, 2006.

MICHAEL HOUGH/ABA #7405022
Attorney for Plaintiff Wiley

### CERTIFICATE OF SERVICE

The undersigned hereby certifies and affirms that on the ___19___ day of January, 2006, a true and
correct copy of the foregoing document was served by mail upon:

Jon Dawson
Davis Wright Tremaine, LLP
701 W. 8th Avenue, Suite 800
Anchorage, AK 99501

By: _____

H:\Docs\Wiley\wileylibelcomplaintamend2nd.doc

**C. MICHAEL HOUGH**
**Attorney at Law**
3733 Ben Walters Lane, Ste 2
Homer, Alaska 99603
Tel: (907) 235-8184
Fax: (907) 235-2420

SECOND AMENDED COMPLAINT                                              Page 30 of 30
Wiley v. HarperCollins et al./Case No.: A05-
118CV (JKS)