Jon S. Dawson
Eric J. Jenkins
Davis Wright Tremaine LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
(907) 257-5300

Attorneys for HarperCollins Publishers, L.L.C.
  and Todd Lewan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PHILLIP WILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:05 - cv - 00118 (TMB) |
| vs. ) | |
| ) | |
| HARPER COLLINS PUBLISHERS, INC. ) | |
| and TODD LEWAN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUBLIC DISCLOSURE OF PRIVATE FACTS, INTRUSION UPON SECLUSION, AND APPROPRIATION OF NAME AND LIKENESS

Although Wiley's Opposition goes to great length to detail all the ways in which he is unhappy with his portrayal in The Last Run, no amount of supposed outrage can create a claim where there is none. Indeed, his Opposition only confirms that, as the defendants have demonstrated, the facts alleged by Wiley fail to state claims for

appropriation of name or likeness, intrusion upon seclusion, or public disclosure of private facts.

**First**, Wiley's appropriation claim fails because he does not allege that his name has any commercial or other value associated with it or was used for advertising or promotional purposes. Insofar as Wiley alleges that the Defendants made false statements about Wiley to make The Last Run more interesting, his claim, if any, is for defamation or portrayal in a false light, not appropriation of name or likeness.

**Second**, Wiley's claim for intrusion upon seclusion fails because there was no intrusion; there was only the publication of The Last Run. Wiley cites no authority for the proposition that publication can constitute an intrusion, and Courts have uniformly rejected any such contention.

**Third**, Wiley's claim for publication of private facts fails because he does not identify a single private fact disclosed in The Last Run that he alleges to be true. The only arguably private fact alleged by Wiley is that the book portrays him as a homosexual who performs fellatio. While the Defendants do not believe that anyone could construe DeCapua's dockyard banter as stating that Wiley is homosexual, much less that he performs fellatio, Wiley certainly knows if these facts are true or false and therefore cannot plead falsity for purposes of defamation and truth to support a public disclosure tort.

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   2
ANC 88006v5 3960028-6

Since Wiley cannot state claims for appropriation of name or likeness, intrusion upon seclusion, or public disclosure of private facts, the Defendants' motion to dismiss should be granted.

A.  Wiley Cannot State a Claim for Appropriation of Name or Likeness.

Wiley alleges that the Defendants made repeated references to, and false statements about, Wiley in The Last Run in order to fulfill a thematic need for a villainous character.  Opposition at pp. 27-29.  Even if this were true – which Defendants deny – Wiley does not allege that his name has any commercial or other value associated with it or that the Defendants used his named in advertising or promoting the book in order to capitalize on that value.  He merely complains that he was unwillingly included as a character.  This will not support a claim for appropriation of name or likeness.

Insofar as Alaska has recognized a tort claim for invasion of privacy, it has relied upon the Restatement (Second) of Torts to establish the contours of that claim.  Luedtke v. Nabors Alaska Drilling, Inc., 768 P.2d 1123, 1137 (Alaska 1989).  Section 652C of the Restatement (Second) of Torts provides that "[o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."  However, not every use of a name or likeness is an appropriation.  An appropriation occurs only when the defendant trades on some value associated with the plaintiff's name:  "Until the value of the name has in some way been appropriated, there is no tort."  Id. cmt. c.

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   3
ANC 88006v5 3960028-6

> No one has the right to object merely because his name or his appearance is brought before the public . . . It is only when the publicity is given for the purpose of appropriating to the defendant's benefit <u>the commercial or other values associated with the name</u> or the likeness that the right of privacy is invaded.

<u>Id</u>. cmt. d. (emphasis added). <u>See</u> also <u>Reeves v. Fox Television Network</u>, 983 F. Supp. 703, 710 (N.D. Ohio 1997) (claim for appropriation of name or likeness dismissed where plaintiff failed to allege that his name had any intrinsic value that defendant exploited for commercial or similar uses); <u>Cox v. Hatch</u>, 761 P.2d 556, 564 (Utah 1988) ("the complaint fails because it must allege that the plaintiffs' names or likenesses have some intrinsic value that was used or appropriated for the defendants' benefit").

Courts applying the principles set forth in the Restatement have repeatedly made clear that the use of the plaintiff's name in a book or news report, even in a manner that the plaintiff finds objectionable, does not give rise to a claim for appropriation of name or likeness. Such a claim requires the unauthorized use of the plaintiff's name or likeness for promotional purposes in a manner that implies a false endorsement of the product:

> Appropriation of a name or likeness generally becomes actionable when used to advertise the defendant's business or product, or for some similar commercial purpose . . . the value of one's likeness is not appropriated when it is published for purposes other than taking advantage of his reputation, prestige or other value associated with him, for purposes of publicity . . . It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or likeness that the right of privacy is invaded.

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS 4
ANC 88006v5 3960028-6

Matthews v. Wozencraft, 15 F.3d 432, 437 (5th Cir. 1994)(citing Restatement (Second) of Torts § 652, cmt. d.).  Thus, "a newspaper, although it is not a philanthropic institution, does not become liable under the rule stated in this Section to every person whose name or likeness it publishes." Restatement (Second) of Torts § 652D cmt. d.  "[U]se of a person's name or likeness for trade purposes is an essential element of the [appropriation] tort."  Castro v. NYT Television, 851 A.2d 88, 97 (N.J. 2004) (citing Restatement (Second) of Torts § 652C).  See also Dempsey v. National Enquirer, 702 F.Supp. 934, 938 (D.Me. 1989) (claim for appropriation dismissed because Star magazine did not "use [plaintiff's] name and likeness in an advertising campaign to boost sales").

Wiley does not cite a single case from this or any other jurisdiction to support his conception of the appropriation tort, let alone some authority stating that the inclusion of a person as a character in a publication can give rise to a claim for appropriation.  On the contrary, courts have held that an appropriation claim was not stated where:  (1) the plaintiff's life story was used in a feature motion picture, Matthews, 15 F.3d at 437-38; (2) the picture of a high school girl participating in a condom fitting contest was shown together with her name in Penthouse magazine, Stangley v. General Media Communications, Inc., 149 F.Supp.2d 701, 706 (W.D.Ark. 2001); (3) a magazine published an account of an accident involving the plaintiff and made up false dialogue that was attributed to the plaintiff, Dempsey, 702 F.Supp. at 938; or (4) members of a musical group and their families were portrayed in an allegedly false manner in a

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   5
ANC 88006v5 3960028-6

television mini-series, <u>Ruffin-Steinback v. DePasse</u>, 82 F.Supp.2d 723, 728-31 (E.D.Mich 2000), <u>aff'd</u> 267 F.3d 457 (6th Cir. 2001). Each of these courts rejected a claim for appropriation of name or likeness based on essentially the same facts relied upon by Wiley.

Wiley contends, however, that the Defendants did not simply use his name in <u>The Last Run</u>, but rather made false statements about him in the book in order to make the book more exciting. Allegations of falsity do not transform use of a name into appropriation. The harm caused by statements that are alleged to be false can only be addressed under the law of defamation:

> First, they contend that the right of publicity[1] should extend to defendants actions in this case because, they allege, the depiction of the plaintiffs in this case was partially fictionalized and untrue . . . The scope of the right of publicity does not depend, however, on the fictional or nonfictional character of the work . . . where the plaintiff's theory of liability stems from the alleged falsity of the information disseminated, the action is properly considered as an action for defamation or false light invasion of privacy, not as an action for violation of the right of publicity.

<u>DePasse</u>, 82 F.Supp.2d at 730-31. <u>See also Matthews</u>, 15 F.3d at 439 ("Matthews also contends that appropriation can occur through the fictionalized account of his life . . . The cases he cites, however, do not support his argument, as they apply the false light doctrine"). Indeed, the very treatise relied upon by Wiley, 2 <u>Rights of Publicity and</u>

---

[1] The court in <u>DePasse</u> noted that "[t]he fourth category of invasion of privacy – misappropriation of a person's name or likeness – has become known as the right of publicity." 82 F.Supp.2d at 728-29.

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   6
ANC 88006v5 3960028-6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Privacy § 8:89 (2d ed), states that "[i]f the defendant's use is false, either in content or in endorsement, there are other legal counts readily available for use: defamation, false light invasion of privacy and false advertising."

The use of Wiley's name in The Last Run, even in a manner that he alleges to be false, does not state a claim for appropriation of name or likeness. The Defendants' motion to dismiss Wiley's appropriation claim must therefore be granted.

B.  <u>Wiley Alleges No Intrusion Within the Scope of the Tort of Intrusion Upon Seclusion</u>.

Wiley's claim for intrusion upon seclusion is based upon the contention that the "intentional publication [of The Last Run] intruded upon his solitude and seclusion." Opposition at p. 35. Wiley alleges no facts to support his claim apart from publication of the book and the effect that publication of The Last Run allegedly had on him and on others' opinions of him. These facts do not state a claim for intrusion upon seclusion.

Section 652B of the Restatement (Second) of Torts provides a cause of action against "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . ." The Restatement makes clear that the intrusion tort "does not depend upon any publicity given to the person whose interest is invaded or to his affairs." Restatement (Second) of Torts § 652B, cmt. a. Rather, the tort of intrusion protects against overt acts of intrusion into a zone of physical or sensory privacy surrounding the plaintiff. It addresses such things as entering the plaintiff's home over his objections, or "the use of the defendant's senses, with or without

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   7
ANC 88006v5 3960028-6

mechanical aids, to oversee or overhear the plaintiff's private affairs," or "looking into his upstairs windows with binoculars or tapping his telephone wires," or "opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit inspection of his personal documents." Id. cmt. b. "The tort of intruding upon the seclusion of another is aimed at the discomfort cause by the intrusion itself," not the use or publication of any information obtained. Thomas v. Pearl, 998 F.2d 447, 452 (7th Cir. 1993), cert. denied, 510 U.S. 1043 (1994)

Wiley cites no authority for the proposition that the publication of material about him that he finds objectionable constitutes an intrusion within the meaning of the tort. Courts have repeatedly and consistently rejected just such a contention. See e.g., Thomas, 998 F.2d at 452 ("plaintiff fails to state a claim for invaded seclusion if the harm flows from publication rather than the intrusion."); Medical Laboratory Management v. American Broad., 30 F.Supp.2d 1182, 1191 (D.Ariz. 1998), aff'd 306 F.3d 806 (9th Cir. 2002) (holding that publication of information about plaintiff cannot support intrusion claim and citing cases); Stanton v. Metro Corp., 357 F.Supp.2d 369, 384 n.16 (D.Mass. 2005), rev'd on other grounds 438 F.3d 119 (1st Cir. 2006) (publication of picture of high school girl in magazine article on teenage sexuality did not implicate tort of intrusion upon seclusion). An author is likewise guilty of no intrusion within the scope of the tort if he or she speaks to other people about the plaintiff while conducting the research

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   8
ANC 88006v5 3960028-6

necessary to write a book about the plaintiff.  "Gathering information about [another person] from third parties, even if pursued using subterfuge and fraud, cannot constitute an intrusion upon [that person's] solitude or seclusion."  Wolf v. Regardie, 553 A.2d 1213, 1218 (D.C.App. 1989).

Wiley alleges no facts in support of his claim for intrusion upon seclusion apart from publication of The Last Run, and the effect that the book purportedly had on his ability to lead a life out of the public eye.  Since publication of a book about Wiley, even a book that he finds objectionable, does not constitute an intrusion within the scope of the tort, Wiley's claim for intrusion upon seclusion must be dismissed.

C. <u>Wiley Cannot State a Claim for Public Disclosure of Private Facts</u>.

Wiley's response to the Defendants' motion to dismiss his claim for public disclosure of private facts does not identify a single intimate factual assertion about Wiley that he alleges is true.  Instead, Wiley continues to argue, without the benefit of any authority, that he can simply allege that all assertions about him are false and defamatory, while at the same time asserting that the same supposedly false facts might be true though embarrassing private facts.  The Civil Rules do not sanction this approach, nor can Wiley state a claim in any event by relying upon statements that do not disclose intimate details of his personal life.

As noted in the Defendants' opening brief, a party's right to plead contradictory statements of fact is made "subject to the obligations set forth in Rule 11," and is

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS  9
ANC 88006v5 3960028-6

permissible only if a party is "legitimately in doubt about the facts in question." Fed R. Civ. P. 8(e)(2); American Intern. Adjustment Co. v. Galvin, 86 F.3d 1455, 1461 (7th Cir. 1996). Wiley responds that by forcing him to state the factual basis for his public disclosure claim, "Defendants rely on the reluctance of Plaintiff or any other normal person, to admit to his weaknesses and defects." Opposition at p. 41. Wiley cites no authority for the proposition that his reluctance to admit whatever faults he has excuses him from pleading in conformity with Rule 11. His reluctance certainly does not justify forcing Defendants to defend allegations that do not state a claim. Because Wiley has not identified any facts that he alleges to be true, but rather continues to vehemently deny everything that is stated about him in the book, Wiley fails to state a claim for public disclosure of private facts, and his claim must be dismissed.

Not only must statements be true to be actionable under the public disclosure tort, but the facts conveyed must be so intimate and personal that their disclosure would be highly embarrassing to a reasonable person. Restatement (Second) of Torts § 652D; Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1229 (7th Cir. 1993). Wiley makes little or no attempt to explain how any of the references to him in The Last Run qualify as intimate or personal. Statements about the condition of his vessel, disputes over pay with DeCapua, and Wiley's work as a commercial fisherman all concern public business matters and not Wiley's intimate private life. Accordingly, they cannot support a claim for public disclosure of private facts. The only statements in The Last Run that even

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   10
ANC 88006v5 3960028-6

arguably concern Wiley's private life are those which he contends falsely portray him as a homosexual who performs fellatio.  Because Wiley vehemently denies that he is homosexual or that he performs fellatio, and because he certainly knows if those facts are true or false, those statements cannot support a claim for public disclosure of private facts.  Leidholdt v. L.F.P., Inc., 860 F.2d 890, 895 (9th Cir. 1988) (public disclosure tort requires allegation that facts at issue are true).

Finally, insofar as Wiley complains that Defendants portrayed him as a cruel, vindictive, evil and despicable person, such statements do not constitute statements of fact but rather expressions of opinion which are protected by the First Amendment.  Sands v. Living Word Fellowship, 34 P.3d 955, 960 (Alaska 2001) (reference to plaintiff as a "cult recruiter" not actionable).  See also Leidholdt v. LFP. Inc., 860 F.2d 890, 894 (9th Cir. 1988), cert. denied, 489 U.S. 1080 (1998) (terms "pus bloated walking sphincter," "wacko," "twisted," and "vengeful hysteria" as applied to plaintiff not actionable); Knieval v. ESPN, 393 F.3d 1068, 1074-75 (9th Cir. 2005) (reference to Evel Knieval as a "pimp" not actionable because it could not be construed as a statement of fact).  No matter how pernicious, "[t]he law provides no redress for harsh name-calling." Flowers v. Carville, 310 F.3d 1118, 1127 (9th Cir. 2002).  Thus, in Grillo v. John Alden Life Insurance Co., 939 F.Supp. 685, 688 (D.Minn. 1996), the court held that a supervisor's "alleged description of [another employee] as a 'cocksucker' with a 'two inch dick,' although uncomplimentary, does not suggest verifiably false facts about

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   11
ANC 88006v5 3960028-6

plaintiff" and therefore was not actionable. These same principles apply with equal force to claims for invasion of privacy. See Schoneweis v. Dando, 435 N.W.2d 666, 671 (Neb. 1989) ("[t]he declarations that one's farm is in trouble and that one would lose everything are expressions of pure opinion protected by the first amendment and, therefore, are not actionable" as an invasion of privacy). Thus, even if Wiley alleged that he is in fact a cruel, vindictive, evil and despicable person, the publication of statements to that effect would be protected opinion, not a statement of fact that is actionable under the public disclosure tort.

In sum, Wiley cannot state a claim for public disclosure of private facts because he has failed to identify any factual assertions about him in The Last Run that he alleges to be true or which concern intimate or personal matters. The Defendants' motion to dismiss must therefore be granted.

D.  <u>Marilyn Lashner's Report is Irrelevant to the Issues Before the Court</u>.

In conjunction with his Opposition, Wiley has produced the "expert report" of Marilyn Lashner who purports, among other things, to reach the legal conclusion that The Last Run defames Wiley and invades his privacy. Wiley states that he is not offering Lashner's report as evidence, but merely to show "what he intends to prove" at a later time. Opposition at footnote to p.10. However, Lashner's opinions are irrelevant to the question of whether Wiley states a claim, and should therefore be disregarded. Indeed, Lashner's opinions about whether or not a work is defamatory or invades the plaintiff's

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS   12
ANC 88006v5 3960028-6

privacy are not proper subjects for expert testimony under Fed. R. Evid. 702. <u>Elsayed Mukhtar v. Cal. State University, Hayward</u>, 299 F.3d 1053, 1065 n. 10 (9th Cir. 2002) ("an expert witness cannot give an opinion as to her *legal conclusion, i.e.*, an opinion as to an ultimate issue of law").

Because Wiley is not offering Lasner's report as evidence, the admissibility of that report is not before the court. However, courts across the country have repeatedly excluded Lashner's testimony on these and similar issues,[2] and the Defendants will ask this Court to do likewise by separate motion at a later date.

---

[2] <u>See e.g.</u>, <u>World Boxing Council v. Cosell</u>, 715 F.Supp. 1259, 1264 (S.D.N.Y. 1989) ("Dr. Lashner's testimony would waste the time of both the jury and the court . . . it transforms a common sense issue into a technical one and relies on virtually incomprehensible pseudo-scientific jargon"); <u>Tilton v. Capital Cities/ABC Inc.</u>, 938 F.Supp. 751, 752-53 (N.D. Okla. 1995) (Lashner's proposed testimony on how rhetorical devices and patterns of speech convey implied meanings excluded because it "relates to matters within the common knowledge of the average juror"); <u>Brueggemeyer v. American Broadcasting Companies</u>, 684 F.Supp. 452, 464-65 (N.D.Tex. 1988) (excluding Lashner's testimony based on finding that her opinions were too unreliable and that the probative value of her opinion was substantially outweighed by the danger of unfair prejudice and confusion of issues); <u>Fish v. Heatherdowns Country Club Assoc.</u>, 1991 WL 97324 at *4 (Ohip App. 6 Dist) ("[w]e find that the affidavit of Lashner would not be relevant . . . The court alone determines whether certain words are ambiguous and whether they constitute libel per se").

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS    13
ANC 88006v5 3960028-6

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that their motion to dismiss Wiley's claims for appropriation of name or likeness, intrusion upon seclusion, and publication of private facts be granted.

Dated this  31st  day of March, 2006.

        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Defendants

By:   s/ Eric J. Jenkins
      Jon S. Dawson, ABA # 8406022
      Eric J. Jenkins, ABA# 0011078
      701 W. 8th Ave., Suite 800
      Anchorage, AK  99501
      Phone: (907) 257-5300
      Fax: (907) 257-5399
      jondawson@dwt.com

Certificate of Service:

I certify that on March 31, 2006, a true and correct copy of the foregoing Reply to Opposition to Motion to Dismiss was served electronically on:

Michael Hough
3733 Ben Walters Lane #2
Homer, Alaska  99603

  s/ Janet Eastman
Janet Eastman

DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS    14
ANC 88006v5 3960028-6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399